STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-078
(·· -Yor·- ···)

ADRIENNE LOVEJOY and
ANNE-MARIE HUNTER, Individually
and o/b/o EMILY HINKLE and
KATHERINE HINKLE,

           Plaintiffs

    v.

DEMOULA'S MARKET BASKET,

        Defendant

ORDER
AND
DECISION

A grandmother, mother and two grandchildren from a family have brought this breach of warranty action resulting from their finding a tooth or tooth fragment in a carton of ice cream purchased from the defendant. The defendant has moved for summary judgment. The motion is granted.

Unlike other cases none of the family was directly exposed as none of the family members placed the tooth in her mouth. The plaintiffs declined to have either the tooth or the ice cream tested to determine if there was any potential exposure to any dangerous viruses or other organisms. None of the plaintiffs have tested positive for any diseases. There has been no medical evidence presented that there was any real possibility for a disease, if one was even present, to go from the tooth, to the ice cream to one or more of the plaintiffs under the facts of this case. There was a fear, however, that infection was possible.

This case differs from those where a person has been stuck by a needle or was otherwise clearly at risk. See *Marchica v. Long Island Railroad Co.* 31 F.3d 1197 (2d Cir. 1994) and *Marriott v. Sedco Forex International Resources, Ltd.,* 927 F.Supp. 59 (D. Mass. 1993). We have no physical injury and we have an insufficient basis to allow recovery particularly when the option of determining whether any diseases were present was rejected. Objectively these facts are insufficient to allow a claim for emotional distress to proceed.

I need not decide whether proof of actual exposure to a virus is required, see *Majca v. Beekil,* 701 N.E. 2d 1084, 1090 (Ill. 1998) or whether the exposure to something that creates a reasonable fear of exposure to a virus is sufficient. The plaintiffs fail under either test.

Also see the test used by the Supreme Court of New Jersey in *Williamson v. Waldman,* 696 A.2d 14, 22 (N.J. 1997) requiring that a claimant seeking damages for fear of contracting HIV demonstrate that the ". . . defendant's negligence proximately caused her genuine and substantial emotional distress that would be experienced by a reasonable person of ordinary experience who has a level of knowledge that coincides with then - current, accurate, and generally available public information about the causes and transmission of AIDS."

The entry is:

Defendant's motion for summary judgment is granted.

Dated:      September 5, 2001

Keith R. Jacques, Esq. - PLS
Alison A. Denham, Esq. - DEFS

Paul A. Fritzsche
Justice, Superior Court

2